108 F.3d 328
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Chukwu E. AZUBUKO, Plaintiff, Appellant,
v.
Robert C. RUFO, Sheriff, Suffolk County Sheriff's
Department, Defendant, Appellee.
 No. 96-1075.
 United States Court of Appeals,
First Circuit.
 Mar. 4, 1997.
 
 Chukwu E. Azubuko on brief pro se.
 John M. Townsend, General Counsel, Suffolk County Sheriff's Department, on brief for appellee.
 Before Torruella, Chief Judge, Boudin and Lynch, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Chukwu E. Azubuko appeals from the sua sponte dismissal, under Fed.R.Civ.P. 12(b)(6), of his complaint against Sheriff Robert C. Rufo. The court dismissed the complaint, stating that it failed to state a claim against the Sheriff.
 
 
 2
 It is evident that appellant "can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (standard for a Rule 12(b)(6) dismissal). First, it is plain that appellant is premising Sheriff Rufo's liability for the alleged false imprisonment solely on the Sheriff's status as a supervisor or employer. That is, the only person directly involved in the incident at the Roxbury District Court is an attorney who supposedly worked for Sheriff Rufo. A claim which is premised solely on respondeat superior is an improper basis for a § 1983 action. See Figueroa v. Aponte-Rogue, 864 F.2d 947, 953 (1st Cir.1989) (a defendant may be found liable only for his or her own acts or omissions).
 
 
 3
 Second, appellant cannot state a claim for false imprisonment under the Fourteenth Amendment. The availability of an adequate remedy under Massachusetts law for such a claim, see, e.g., Foley v. Polaroid Corp., 400 Mass. 82, 508 N.E.2d 72 (1987), precludes a procedural due process challenge. See Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir.1996). Further, there exists no substantive due process right to be free from such an alleged deprivation. See Albright v. Oliver, 510 U.S. 266 (1994) (plurality opinion).
 
 
 4
 Finally, appellant cannot state a Fourth Amendment claim in this case because he never was arrested or seized. A seizure occurs "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980) (Stewart, J.). The letter concerning the arrest warrant stated specifically that appellant would be arrested only if he failed to appear at a "voluntary" court appearance. Thus, a reasonable person reading this letter would understand that if he went to court on his own steam, he would not be arrested. In any event, appellant indicates that he, in fact, freely left the meeting at the Roxbury District Court.
 
 
 5
 The judgment of the district court is affirmed.